IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TERRENCE PAUL ROBINSON                                                            PETITIONER

VS.                                                              CIVIL ACTION NO. 5:05cv83DCB-JCS

CONSTANCE REESE, WARDEN                                                      RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, sua sponte. The petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the allegations of the petition and his memorandum in support, this Court finds that this civil action should be dismissed.

I. BACKGROUND

The petitioner, who is incarcerated at FCI-Yazoo City, Mississippi, was convicted in the United States District Court of the Middle District of Florida, criminal case number 8:94-CR-224-T-23-TBM, and was sentenced on February 23, 1996. The petitioner was ordered to serve 328 months. The Bureau of Prisons projects he will be eligible for release on July 8, 2018.

II. PETITIONER'S GROUNDS FOR RELIEF

The petitioner argues that the Bureau of Prison (BOP) has incorrectly interpreted 18 U.S.C. § 3624(b), which is the statute governing the calculation of good time credits to be applied to a federal prisoner's sentence. The petitioner argues that the BOP has calculated his good time credit based on the time he has served in prison and not on the term of imprisonment. Therefore, the petitioner has calculated his good time credit to be 1,476 days, for a projected release date of January 1, 2018, and BOP has calculated his good time credit to be 1,285 days for

a projected release date of July 8, 2018.  Thereby causing the petitioner to remain incarcerated an additional 191 days.

The second ground for relief is the petitioner's assertion that the plaining meaning of the statute supports his contention that the calculation of good time credits is based on the "term of imprisonment."

Finally, the petitioner argues that the rule of lenity should apply and thus, there should be no deference to the executive agency in interpreting the statute.

### III. DISCUSSION

The petitioner is challenging the execution of his sentence.  As such, he is required to present a claim that is ripe for judicial review.  This Court finds that whether the petitioner's sentence is computed based on his argument that he should receive good time credit based on the sentence imposed or on the BOP's calculation as time served, it is clear that he is not eligible for release until 2018.   Therefore, the claim presented by the petitioner is "temporally distant and speculative" and thus, "his allegations do not establish that 'he will sustain immediate injury' and 'that such injury would be redressed by the relief requested.' "  Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005) (quoting Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994)). Consequently, the claim presented by the petitioner is not ripe for review.

However, even though the petitioner's claim is not ripe for review, the issue presently before this court has been addressed by the Fifth Circuit in Moreland v. Federal Bureau of Prisons, 431 F.3d 180 (5th Cir. 2005), cert. denied, 126 S.Ct. 1906 (2006).  In Moreland, the Fifth Circuit held that 18 U.S.C. § 3624 is unambiguous and therefore, neither the rule of lenity nor the BOP's interpretation of the statute under Chevron, U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 387, 842-44 (1984) was required to be addressed . Id.

2

Moreover, in adopting the analysis of <u>Sample v. Morrison</u>, 406 F.3d 310 (5th Cir. 2005) and <u>Tatu v. Rasbeary</u>, 142 Fed. Appx. 215, (5th Cir. 2005), the Fifth Circuit in <u>Moreland</u> held that the BOP's method of calculating good-time credit based on the time actually served is supported by the plain language of the statute.  <u>Id.</u>   The Fifth Circuit in <u>Sample</u> explained that

> [i]t is plain from the statute that an inmate must earn good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional disciplinary rules.  Good time credit thus is not awarded in advance, and any entitlement to such credit for future years is speculative at best.

<u>Sample</u>, 406 F.3d at 313.   Therefore, the BOP is not required to credit the petitioner's sentence with 54 days of good time credit, in advance, for each year of the sentence which was imposed. With that in mind, the petitioner's contention that he should receive 1,476 days of good credit time is misplaced.

## IV. CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, the Court finds that the petition should be dismissed with prejudice.

SO ORDERED, this the 31st day of August, 2006.

                         S/DAVID BRAMLETTE
                         UNITED STATES DISTRICT JUDGE